UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEVEN A. WALCOTT, JR.**                               **CIVIL ACTION NO.**

**VERSUS**                                                            **21-548-BAJ-SDJ**

**EASTERN LOUISIANA MENTAL
HEALTH SYSTEM, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 6, 2023.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEVEN A. WALCOTT, JR.                               CIVIL ACTION NO.

VERSUS                                                     21-548-BAJ-SDJ

EASTERN LOUISIANA MENTAL
HEALTH SYSTEM, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Catahoula Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated while housed at the Eastern Louisiana Mental Health System. Plaintiff alleges that he was not provided an appropriate religious diet, what he could receive through the mail was limited, and that Defendants were deliberately indifferent to his serious medical needs.

On February 3, 2023, the Magistrate Judge issued an order for the Defendants to be served by the United States Marshal. *See* R. Doc. 23. Summons were issued on February 7, 2023, by the Clerk of Court, and per courthouse procedure, the USM mailed Plaintiff a Form 285 packet. *See* R. Doc. 24. This form must be completed for the USM to attempt service of the summons, and the required fees must be paid. On March 2, 2023, Plaintiff was granted an additional 45 days to serve Defendants. *See* R. Doc. 27. Plaintiff did not return any forms or pay any fees. No Defendants were served.

On July 6, 2023, the Court ordered Plaintiff to show cause why his claims should not be dismissed for failure to serve Defendants within the time allowed by Federal Rule of Civil

Procedure 4(m). *See* R. Doc. 30. Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service[1].

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to request or effectuate such service. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that Plaintiff's pending Motions (R. Doc. 28 and 31) be denied. It is further recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on November 6, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff appears to believe that the defendants' failure to waive service satisfies his obligation to have the defendants served as required by Rule 4. *See* R. Doc. 31. However, in the request for the defendants to waive service, plaintiff properly notes that should the defendants fail to waive service he will be required to have a summons and the complaint served. *See* R. Doc. 28, p. 5. As such, plaintiff should be aware that he was still required to serve the defendants as previously notified by the Court. *See* R. Docs. 23, 27, and 30.